UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

APR 1 2013

IN RE: AUTOMATED TRANSACTIONS LLC
PATENT LITIGATION                                                          MDL No. 2429

## TRANSFER ORDER

Before the Panel:[*] Pursuant to 28 U.S.C. § 1407, defendants[1] in three actions seek centralization of eight actions involving numerous related patents owned by patentholder Automated Transactions LLC (ATL) in the District of Delaware. The patents at issue, U.S. Patent No. 6,945,457 ('457 patent) and 12 patents that have issued as continuations of the '457 patent, are generally directed to a method and apparatus for providing banking services and retail transactions to a consumer through an automated teller machine (ATM). This litigation currently consists of the eight actions, pending in four districts, listed on Schedule A.[2]

Defendants in two District of Vermont actions, New England Federal Credit Union and Heritage Family Credit Union, support the motion in its entirety. Patentholder ATL opposes centralization.

ATL primarily opposes centralization by arguing that there are too few actions to benefit from centralization and that proof of infringement in the various actions will not involve many common facts, in part because defendants utilize several different types of ATMs and allegedly infringing systems. We respectfully disagree with these arguments. There are now potentially 28 actions and potential tag-along actions pending in ten districts before numerous judges. The argument that centralization is inappropriate because of the presence of differing facts concerning infringement has

---

[*] Judges John G. Heyburn II and Paul J. Barbadoro did not participate in the decision of this matter.

[1] Defendants Northfield Savings Bank in a District of Vermont action; Mascoma Savings Bank in the District of New Hampshire action; and Southbridge Savings Bank and Green Valley Bancorp, MHC in the District of Massachusetts action.

[2] The Panel has been notified of twenty pending potentially related actions pending in eight districts. Those actions and any other related actions are potential tag-along actions. See Panel Rules 1.1(h), 7.1, and 7.2. Further, defendant in a potential tag-along action pending in the Southern District of New York, Astoria Federal Savings and Loan, opposes inclusion of its action (*Astoria Financial*) in any MDL proceedings. Because the action is not on this motion, and thus not squarely before us, this argument is best presented as opposition to a conditional transfer order covering the action, if issued.

been advanced – and rejected – in recent Panel patent MDL decisions. *See, e.g., In re: Bear Creek Technologies, Inc., ('722) Patent Litig.*, 858 F.Supp.2d 1375, 1379-80 (J.P.M.L. 2012);[3] *In re Unified Messaging Solutions LLC Patent Litigation*, 883 F.Supp.2d 1340, 1341 (J.P.M.L. 2012).[4] Centralization will allow a single judge to preside over discovery relating to the thirteen related patents at issue and should aid the consistent construction of the patents' claims. Similarly, transfer will facilitate the consistent resolution of challenges to the validity of the patents.

Thus, on the basis of the papers filed and hearing session held, we conclude these eight actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve factual questions surrounding the alleged infringement, validity and/or enforceability of ATL's patents concerning ATM technology. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on the complex and time-consuming matter of claim construction), and conserve the resources of the parties, their counsel and the judiciary.

We are of the view that the District of Delaware – the only proffered transferee district – is the most appropriate transferee district for pretrial proceedings in this litigation. This district appears convenient for the parties, which are predominately based in the Northeastern United States. Further, the issue of infringement and validity of several ATL patents has been litigated in this district since 2006. By centralizing this litigation before Judge Sue L. Robinson, we are assigning this docket to an experienced transferee judge who undoubtedly is familiar with the issues in this patent litigation. We are confident that Judge Robinson can steer this litigation on a prudent course.

---

[3] "[W]hile the facts surrounding infringement in this litigation may vary from defendant to defendant, the actions will share substantial background questions of fact concerning the numerous anticipated arguments regarding the validity and enforceability of the '722 patent and implicating factual issues concerning such matters as the technology underlying the patent, prior art, priority (such as the contention that the patent was abandoned in 2003) and/or claim construction. Further, centralization offers substantial savings in terms of judicial economy by having a single judge become acquainted with the complex patented technology and construing the patent in a consistent fashion (as opposed to having six judges separately decide such issues)."

[4] "Even if there are some unique factual issues regarding infringement, there will certainly be overlapping discovery and common factual questions with regard to validity of the '148 patent and, in several cases, the remaining four patents in this same patent family."

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Sue L. Robinson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.    Marjorie O. Rendell
Charles R. Breyer    Lewis A. Kaplan

IN RE: AUTOMATED TRANSACTIONS LLC
PATENT LITIGATION

MDL No. 2429

## SCHEDULE A

### District of Delaware

Automated Transactions LLC v. IYG Holding Co., et al., C.A. No. 1:06-00043
Automated Transactions LLC v. IYG Holding Co., et al., C.A. No. 1:10-00691
Trustco Bank v. Automated Transactions LLC, C.A. No. 1:12-00613

### District of Massachusetts

Automated Transactions LLC v. Southbridge Savings Bank, et al., C.A. No. 4:12-12194

### District of New Hampshire

Automated Transactions LLC v. Mascoma Savings Bank, C.A. No. 1:12-00355

### District of Vermont

Automated Transactions LLC v. Northfield Savings Bank, C.A. No. 2:12-00210
Automated Transactions LLC v. New England Federal Credit Union, C.A. No. 2:12-00269
Automated Transactions LLC v. Heritage Family Credit Union, C.A. No. 2:12-00270

CERTIFIED: 4/1/13
AS A TRUE COPY:
ATTEST:
JOHN A. CERINO, CLERK
BY _____
Deputy Clerk